<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HARINDER SINGH**  Plaintiff,  v.  **BRET KAPLAN,** *et al.*,  Defendants. | Civil Action No. 21-20793 (ZNQ) (TJB)  **OPINION** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court upon Defendants Bret Kaplan, Jason Kaplan, K-Land No. 55, LLC, Liza A. Glazer, Ronald S. Blumstein, Millennium Partners Title Agency LLC, Jason Dombrowski, James Dowgin, Linda Burkard, South Brunswick Township, and State of New Jersey's ("Defendants") Motion to Dismiss ("Moving Br.," ECF No. 19) Plaintiff Harinder Singh's ("Plaintiff") Complaint ("Complaint," ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1). No opposition or reply were filed to the Motion. The Court has carefully considered the Defendants' submission and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Motion to Dismiss and dismiss the Complaint for lack of subject matter jurisdiction.

1

I. <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

Plaintiff proceeds *pro se* in this matter. On December 30, 2021, he initiated the instant action by filing his Complaint. (ECF No. 1.) On August 12, 2022, Defendants responded to Plaintiff's Complaint by filing the current Motion to Dismiss (ECF No. 19-1.) At this juncture, the Motion to Dismiss is unopposed.

In his Complaint, Plaintiff alleges that Defendants acted fraudulently and criminally in connection with a real estate transaction for a home located at 1 Blue Jay Way, South Brunswick, New Jersey (the "Property"). (*See generally* Complaint.) Plaintiff alleges that the parties to this matter had agreed upon a $1,733,602.73 purchase price in exchange for title to the Property. (*Id.* ¶¶ 4–5.) Plaintiff subsequently alleges that Defendants requested that he sign several documents without "any explanation or supporting material of facts." (*Id.* ¶ 10.) Plaintiff refused to sign these documents without his recommended alterations which effectively terminated the transaction. (*Id.* ¶¶ 2, 8, 12, 13.) Plaintiff alleges that Defendants' actions, in particular their refusal to allow him to enter the Property, denied him his constitutional rights to life, liberty, and pursuit of happiness and further deprived his "right to possess property peacefully." (*Id.* ¶¶ 14–16.) The Complaint ultimately alleges that Defendants threatened and blackmailed Plaintiff. (*Id.* ¶¶ 13–15.)

In their Motion to Dismiss, Defendants argue that Plaintiff failed to establish that the Court has subject matter jurisdiction over this matter. (Moving Br. at 3.) They specify that Plaintiff does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 "because the only cognizable claim possibly contained within the Complaint is a state law breach of contract claim." (*Id.* at 4.) Moreover, "the only relief that the Complaint seeks is title to the Property or a return of deposited monies, both of which are state law breach of contract remedies." (*Id.* at 5.) Defendants next argue that Plaintiff failed to establish diversity of citizenship jurisdiction because "the Complaint

plainly demonstrates that the parties in this action are not of diverse citizenship." (*Id.*) Defendants conclude by arguing that even if Plaintiff sufficiently established subject matter jurisdiction, the Complaint nonetheless fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.*)

On July 8, 2022, Plaintiff filed a separate, parallel civil complaint against Defendant K-Land No 55 LLC in the Law Division of the Superior Court of New Jersey's Middlesex County Vicinage. (Moving Br. at 4.) The state court action alleging that Defendant K-Land No. 55, LLC owes Plaintiff damages stemming from his attempt to acquire the Property remains an active litigation matter.[1] The Court now considers the instant motion.

## II.   LEGAL STANDARD

The Constitution does not permit federal courts to adjudicate cases which do not fall within the jurisdiction conferred by Article III of the United States Constitution and by Congress. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary is affirmatively shown. *TM Mktg. v. Art & Antiques Assocs., L.P.*, 803 F. Supp. 994, 997 (D.N.J. 1992). A federal court must, at the outset, determine whether jurisdiction exists before proceeding to the merits; a duty exists to raise the issue *sua sponte* when the parties have not raised it themselves. *Id.* As a corollary to this rule, parties can neither waive nor consent to subject matter jurisdiction when it does not exist. *Id.* When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the action regardless of the stage of the litigation. Fed. R. Civ. P. 12(h)(3); *Carney v. Dexter Shoe Co.*, 701 F. Supp. 1093, 1100 (D.N.J. 1988) (citing

---

[1] The matter has been assigned Docket No. MID-LT-004422-22.

*Cameron v. Hodges*, 127 U.S. 322 (1888)). Generally, there are three bases for federal subject matter jurisdiction: (1) jurisdiction under a specific statutory grant, (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *TM Mktg.*, 803 F. Supp. at 997.

**III.  DISCUSSION**

The Complaint pleads no facts to support the Court having subject matter jurisdiction under any of the three enumerated bases. *Id.* (A federal court is presumed to lack jurisdiction in a particular case unless the contrary is affirmatively shown). "The facts necessary to establish the existence of such jurisdiction must be affirmatively alleged in the complaint." *Jones v. Omni Bank*, Civ. No. 98-2223, 1998 WL 761869, at *4 (E.D. Pa. Oct. 29, 1998). Plaintiff has not established any existence of subject matter jurisdiction in his Complaint. Even construing the Complaint liberally, Plaintiff has at most alleged a breach of contract claim which is a state law issue. *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (explaining that "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds *pro se*").

To the extent that Defendants also raised pleading deficiencies pursuant to Fed. R. Civ. P. 12(b)(6) to support their Motion to Dismiss (Moving Br. at 6), the Court does not address this argument as it cannot reach the merits without subject matter jurisdiction. *TM Mktg.*, 803 F. Supp. at 997.

**A.  FEDERAL QUESTION JURISDICTION**

Pursuant to 28 U.S.C § 1331, federal district courts have subject matter jurisdiction over civil actions that "arise under the Constitution, laws or treaties of the United States." 28 U.S.C§ 1331; *TM Mktg.*, 803 F. Supp. at 998. This is commonly known as federal question

4

jurisdiction. The Supreme Court has established certain guidelines in determining whether federal question jurisdiction exists in a case. A federal right or immunity creates a federal question only where it is "an element, and an essential one, of the plaintiff's cause of action." *Id.* As a result, the mere implication or existence of federal law does not automatically confer federal question jurisdiction. *Id.* at 999. "A federal right or immunity constitutes an essential element of the plaintiff's case only if it appears upon the face of the plaintiff's well-pleaded complaint." *Id.* (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). In other words, the presence or absence of federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (citing *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989)). As previously noted by the Circuit, "the well pleaded complaint rule is alive and well." *Railway Labor Executives Ass'n v. Pittsburgh & L. E. R. Co.*, 858 F.2d 936, 941 (3d Cir. 1988).

Even read liberally, the Complaint presents no federal question to support subject matter jurisdiction in this action. The face of the Complaint does not suggest the existence of a federal question aside from a vague assertion that Defendants' actions were unconstitutional. This unsupported allegation, however, even construed in a light most favorable to Plaintiff, fails to state a cognizable Constitutional violation, and therefore a federal claim. Having reviewed the Complaint, the Court concludes that Plaintiff's claim is in truth a breach of contract claim. Those claims are state law issues. *See Jouria v. Educ. Comm'n for Foreign Med. Graduates,* Civ. No. 09-4310, 2009 WL 3415273, at *2 (E.D. Pa. Oct. 22, 2009) (rejecting federal court jurisdiction in a case involving "garden-variety" breach of contract and tort claims, finding the plaintiff raised

"state-law issues with which the state courts are familiar and with which they deal on a daily basis"). Accordingly, no basis for federal question jurisdiction lies here.

### B. DIVERSITY OF CITIZENSHIP JURISDICTION

The federal courts have original jurisdiction over cases in which complete diversity exists, pursuant to 28 U.S.C. § 1332. To invoke a federal court's diversity of citizenship jurisdiction, a civil action must contain (1) an amount in controversy that exceeds $75,000, and (2) opposing parties of different states. *See* 28 U.S.C. § 1332; *see also Auto-Owners Ins. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (providing that, to invoke diversity of citizenship jurisdiction, "the parties must be completely diverse, meaning that no plaintiff can be a citizen of the same state as any of the defendants" (internal quotation and citation omitted)).

Although the Complaint meets the monetary threshold to establish diversity jurisdiction, it plainly demonstrates that the parties in this action are not of diverse citizenship. Plaintiff and all Defendants are New Jersey citizens. (Complaint at 1–2.) Accordingly, no diversity jurisdiction lies here either.

### C. SPECIFIC STATUTORY GRANT JURISDICTION

Specific statutory grants of jurisdiction such as those for admiralty matters under 28 U.S.C. § 1333 are a final way to establish subject matter jurisdiction. *Klein v. Drexel Burnham Lambert, Inc.*, 737 F. Supp. 319, 321 (E.D. Pa. 1990). Here, the Complaint neither asserts that the Court has specific statutory grant jurisdiction, nor can the Court intuit how its claims might be subsumed under a specific statutory grant. There is no grounds for specific statutory jurisdiction.

Considering the Complaint does not affirmatively establish jurisdiction under specific statutory grant, federal question, or diversity of citizenship, the Court finds that it lacks subject

6

matter jurisdiction. Plaintiff is not being deprived of relief entirely. The undersigned is confident that his claims will be fairly adjudicated by the New Jersey Superior Court in his parallel suit.

### IV.     CONCLUSION

For the reasons stated above, the Court will GRANT Defendants' Motion to Dismiss and DISMISS the Complaint for lack of subject matter jurisdiction. An appropriate Order will follow.

Date: September 23, 2022

                                                          s/ Zahid N. Quraishi
                                                          **ZAHID N. QURAISHI**
                                                          **UNITED STATES DISTRICT JUDGE**